Peter Desrosiers *vs.* Augustus O. Bourn.

PROVIDENCE—MAY 10, 1904.

Present: Stiness, C. J., Tillinghast and Douglas, JJ.

Decision in *Desrosiers* v. *Bourn*, 26 R. I. 6, affirmed.

Trespass on the Case for negligence. Heard on motion of plaintiff for re-argument of defendant's petition for new trial, and motion denied.

Per Curiam. The plaintiff's counsel ask for a re-argument of the defendant's petition for a new trial, urging particularly that the court erred in finding the plaintiff negligent, and suggesting that the court overlooked certain evidence in regard to the time within which the calender could be stopped by a lever of sufficient length to operate the clutches by which power was transmitted from the main shaft.

Upon the first question nothing which is now presented leads us to doubt that our former opinion was correct.

As to the suggestion that sufficient consideration was not

given to the evidence referred to, it is proper to say that we did not and do not think it entitled to the weight assigned to it by plaintiff's counsel.   The plaintiff based his sole claim to recover upon the allegation that the means provided to stop the machinery were not as efficient as a lever of greater length on the calender would have been.   It was therefore incumbent upon him to prove that the calender was not actually stopped as quickly as it could have been by the operation of the clutch, and to show definitely what damages were suffered by the plaintiff on account of this difference in efficiency.   Not one witness referred to had ever tried to stop the calender by the lever when the calender was loaded.   All the evidence on this point was estimation or inference from cursory observation, and no two of the witnesses agreed as to intervals of time.

Obviously when a witness says that within two seconds after hearing a cry he pushed a button, or that after power is cut off from a machine it will make about half a turn, he is giving only the impressions made upon his senses and his judgment as to time.   In measuring and comparing movements in seconds of time, nothing but the records of instruments of precision acting without human interposition can be relied on. Witnesses vary both in the impressions they receive and in the value they attach to the words in which they express those impressions.

The evidence referred to in this case is no exception to the rule.   It is contradictory and inaccurate.   Hence, we said that it did not prove the plaintiff's case.

The plaintiff's attorney by an ingenious use of language framed a declaration which was sustained on demurrer; but in doing so he stated a case which it would ordinarily be impossible to prove.   The law imposes this burden upon the plaintiff, however, before he can recover.

The petition for reargument is denied.

*C. M. Lee* and *Job S. Carpenter*, for plaintiff.

*Herbert A. Rice*, for defendant.